IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LIDIA SURFACE,

    Plaintiff,                                     Civil Action No.   2:17-cv-04153

v.                                                 JURY TRIAL DEMANDED

CLAY HEALTH CARE CENTER, LLC,

    Defendants.

## COMPLAINT

Plaintiff, Lidia Surface, by her counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this legal action against Defendant Clay Health Care Center, LLC seeking redress and remedy arising from the Defendant's violations of the West Virginia Human Rights Act and their deliberate failure to comply with the provisions of The Family and Medical Leave Act of 1993 ("FMLA"). Plaintiff requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

## PARTIES

1. Plaintiff, Lidia Surface, is and, at all times mentioned, was a citizen and resident of Roane County, West Virginia.

2. Defendant, Clay Health Care Center, LLC (hereinafter "Clay Health Care Center"), is and, at all times mentioned, was a domestic company with its principle office located at 1053 Clinic Drive in Ivydale, WV.

3. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment and/or assignment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

5. Venue is appropriate in this case under 28 U.S.C. §1391(b)(1) because Defendant is a resident of the State of West Virginia, and under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Clay County, West Virginia which is in the Southern District of West Virginia.

## ALLEGATIONS OF FACT

6. Plaintiff, Lidia Surface, is a woman over 40 years of age.

7. Ms. Surface, was born in Honduras and is a naturalized citizen of the United States of America.

8. In 2011, Ms. Surface began working for Clay Health Care Center as a "Certified Nursing Assistant" ("CNA").

9. As a CNA, Ms. Surface assisted residents of Defendant's health care center with their medical needs.

10. Plaintiff performed her job well and, prior to an alleged incident in 2016, had not received any disciplinary notices nor had any other disciplinary actions been taken against her by Defendant, Clay Health Care Center.

11. Plaintiff had and has serious health conditions for which she receives continuing treatment and supervision by a healthcare provider.

12. On or about 2013, Plaintiff notified Defendant of her serious health conditions and need for time to treat the same.

13. On or about 2013, Plaintiff experienced a fall that resulted in bruised muscles and caused her to miss three days of work.

14. Plaintiff did not apply for worker's compensation following her 2013 injury.

15. In 2016, Plaintiff injured her shoulder at work.

16. Plaintiff did not apply for workers' compensation following her 2016 shoulder injury.

17. On or about May 5, 2016, Ms. Surface provided a doctor's note stating that she required light duty restrictions pending further assessment of her shoulder injury (which included two torn tendons) by a specialist.

18. Defendant did not, at any time following either of said injuries, provide Plaintiff with individual notice of her rights and eligibility to take leave under the Family and Medical Leave Act.

19. Despite informing Defendant of her restrictions, Defendant failed to provide Plaintiff with any short-term, light duty assignments and/or other reasonable accommodation.

20. As a result of her injuries/serious health conditions and Defendant's failure to accommodate her restrictions Plaintiff informed her employer that she planned to apply for disability by the end of the year.

21. Plaintiff continued to work without accommodation despite her injuries.

22. On August 16, 2016, Plaintiff received an "Employee Disciplinary Notice" alleging that she abused a resident by being "rough" with her while giving her a "bed bath." This disciplinary notice additionally stated that Plaintiff received a verbal warning on July 21, 2016 for "unsatisfactory work."

23. On or about August 19, 2016, Defendant terminated Ms. Surface.

24. Plaintiff denied and continues to deny the allegations against her and further denies that she received any verbal warning on July 21, 2016.

25. Additionally, the supervising nurse on duty the evening of the alleged incident denied receiving any reports/complaints that evening; the resident who complained about Ms. Surface did not display any skin irritations, abrasions or bruises indicating abusive treatment; and, no other residents under Plaintiff's care reported concerns regarding the treatment provided by Ms. Surface.

26. After her termination, Ms. Surface applied for unemployment compensation benefits.

27. On or about September 8, 2016, Ms. Surface was awarded unemployment compensation benefits.

28. Defendant attempted to appeal the deputy's decision. However, Defendant's letter requesting said appeal did not indicate any grounds for which Ms. Surface was terminated.

29. A hearing on Defendant's appeal was set on October 11, 2016, before an Administrative Law Judge with the WorkForce West Virginia Board of Review.

30. Defendant failed to appear for the appeal hearing, and, as such, the Administrative Law Judge affirmed the deputy's decision granting benefits to Ms. Surface.

31. As a result of her termination, Ms. Surface has suffered lost wages, emotional harm, and additional damages.

**COUNT I: INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT**

32. Plaintiff incorporates the previous paragraphs as if set forth herein.

33. When Plaintiff requested and/or required leave and notice, she was qualified and eligible for a leave of absence to treat and care for her serious health conditions.

34. Beginning on or about 2012 through the date of her termination, Plaintiff had worked for Defendant for more than twelve months, and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant during the prior twelve-month period.

35. Defendant is and was a covered employer under the FMLA, and employs 50 or more people within 75 miles of the location where Plaintiff was employed.

36. The FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1).

37. The notice "must state whether the employee is eligible for FMLA leave," and if the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." 29 C.F.R. §825.300(b)(1), (2).

38. At each time when eligibility notice is to be provided, an employer is also required to provide written notice of the employee's rights and responsibilities under the FMLA. 29 C.F.R. §825.300(c)(1).

39. An employer is further required to notify the employee of the designation of her leave, specifically, whether such leave will be designated as FMLA and count towards the employee's total available leave time. 29 C.F.R. §825.300(d).

40. Like rights and responsibilities notice, designation notice must also be provided in writing.

41. Plaintiff requested a medical leave of absence (FMLA leave) to treat her serious health conditions and/or supplied sufficient notice about her conditions to the Defendant such that

it required Defendant to provide FMLA eligibility and rights and responsibilities notice to Plaintiff.

42. Defendant failed to provide Plaintiff with the required, individual notice of her rights and eligibility to take FMLA leave to care for her serious health conditions.

43. Defendant failed to properly designate Plaintiff's leave and/or to provide notice to Plaintiff of such designation.

44. Defendant's failure to comply with the requirements of the FMLA resulted in prejudice to Plaintiff and impairment of her legal rights because she could not make informed decisions about taking leave to care for her serious health condition(s) including, but not limited to, when to take FMLA leave, the duration of such leave, and the ability to take leave in a manner which would provide the job protections and security available to her under the FMLA.

45. Defendant's actions against Plaintiff were reckless and in deliberate disregard of the FMLA's notice provisions.

46. Defendant's termination of Plaintiff has caused her to suffer lost wages and benefits, including, but not limited to, benefits under the FMLA. As such, Defendant's actions constitute per se interference with Plaintiff's rights.

47. Despite having been informed of Ms. Surface's serious health conditions at various times during her employment, Defendant failed to provide Plaintiff with any individual notice as required by the FMLA.

48. In so doing, Defendant knowingly and deliberately interfered with Plaintiff's FMLA rights.

49. In failing to provide the required individual notice and terminating Plaintiff shortly after she suffered an injury that required continuing treatment, Defendant interfered with and

violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate relief as requested in the prayer for relief.

### COUNT II: DISCRIMINATION/RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN CONDUCT PROTECTED UNDER THE FAMILY AND MEDICAL LEAVE ACT

50. Plaintiff incorporates the previous paragraphs as if set forth herein.

51. Before requesting and/or requiring a leave of absence (FMLA leave), Ms. Surface had been employed by Defendant for longer than twelve (12) months and had worked at least 1250 hours of service for Defendant during the prior twelve-month period.

52. When Plaintiff notified Defendant of her serious health conditions and/or need to take time off from work to care for and treat the same, she gave adequate and proper notice of her need to take leave under the FMLA.

53. When Plaintiff requested and/or required leave, she was qualified and eligible for FMLA leave.

54. In notifying Defendant of her serious health conditions and need for time to treat and care for the same, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA.

55. Plaintiff's protected conduct under the FMLA was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

56. Defendant repeatedly failed to provide Plaintiff with FMLA's statutorily required individual notice(s).

57. Defendant's termination of Plaintiff after she notified Defendant that she had serious health conditions; and/or requested time off due to her health conditions was reckless and in deliberate disregard of Plaintiff's rights under the FMLA.

58. Defendant's conduct, up to and including its termination of Plaintiff, is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and she seeks remedy as set forth in the prayer for relief.

### COUNT III: DISABILITY DISCRIMINATION

59. Plaintiff incorporates the previous paragraphs as if set forth herein.

60. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

61. Plaintiff has health conditions that substantially limit certain major life activities including, but not limited to, bending, lifting and reaching.

62. Alternatively, Defendant and its agents regarded Plaintiff as having an impairment which substantially limits one or more major life activities.

63. At all times alleged, the Plaintiff is and was qualified for the job she held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position she held, and because Plaintiff was and is able to perform the essential functions of her job, with or without reasonable accommodation.

64. Defendant, by and through the actions of its employees, supervisors and agents, intentionally discriminated against Plaintiff based on her status as a person with a disability.

65. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

66. Any reason alleged by Defendant for Plaintiff's termination including, but not limited to, Defendant's claim that Plaintiff abused a patient, is pretext for the real reason, namely, the

intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability.

67. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

68. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests relief as set forth in the prayer for relief.

## COUNT IV: FAILURE TO PROVIDE REASONABLE ACCOMMODATION

69. Plaintiff incorporates the previous paragraphs as if set forth herein.

70. Ms. Surface is a qualified person with a disability because she is able and competent, with reasonable accommodation, to perform the essential functions of her job. (W. Va. C.S.R. 77-1-4.)

71. Plaintiff required a reasonable accommodation in order to perform the essential functions of her job as a CNA.

72. Reasonable accommodation existed which would have allowed Plaintiff to continue to work for Defendant including, but not limited to, light duty assignments pending assessment and recovery of her shoulder injury and/or assistance with lifting in excess of weight limits identified by Plaintiff's doctor.

73. Defendant knew or reasonably should have known of Plaintiff's need for accommodation because she provided Defendant with documentation from her physician in May 2016.

74. Defendant failed to provide Plaintiff with reasonable accommodation which would have allowed her to continue to work as a CNA.

75. As a direct and proximate result of Defendant's refusal to provide reasonable accommodation to Ms. Surface, Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

76. Defendant knew or reasonably should have known that its actions involving Plaintiff were false, wanton, willful and malicious and intended solely to harm her and indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek damages as set forth below:

On Counts I and II, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FMLA;

On Counts III, and IV, grant Plaintiff actual damages for lost wages, front pay and back pay, lost compensation, fringe benefits and out of pocket costs and expenses in an amount to be determined by a jury;

On Counts III and IV, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Ms. Surface as a direct and proximate result of Defendant's conduct;

On Counts III and IV, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, LIDIA SURFACE,<br>By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283
hoyt@hoytglaw.com